### Stacey Allan COOK,

v.

### The STATE of Texas, Appellee.

### No. 624–91.

Court of Criminal Appeals of Texas, En Banc.

April 29, 1992.

Rehearing Denied Nov. 4, 1992.

Randy Schaffer (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry and Bill Hawkins, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with two counts of the offense of attempted capital murder of a police officer and two counts of the offense of aggravated robbery. Appellant pled not guilty to all four counts. A jury acquitted appellant on both counts of attempted capital murder and convicted appellant on both counts of attempted capital murder and convicted appellant on both counts of aggravated robbery. Punishment was assessed at 75 years in the Texas Department of Corrections [1] and a $2500.00 fine on count two of the indictment, and 50 years in the Texas Department of Corrections and a $2500.00 fine on count four. In an unpublished opinion, the court of appeals reformed the judgment to show an acquittal as to count four on double jeopardy grounds and affirmed the judgment as reformed. *Cook v. State*, No. 6–90–068–CR, Tex.App.—Texarkana, delivered March 26, 1991. We granted the State's petition for discretionary review to consider the limited ground of whether a person can be convicted in one proceeding for two counts of aggravated robbery, where two assaults but only one theft occurred, without violating double jeopardy prohibitions. We will affirm the judgment of the court of appeals.[2]

A review of the pertinent facts will be necessary before beginning an analysis on double jeopardy grounds. The facts will be presented in the light most favorable to the State. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989). On November 25, 1988, Charlotte Mann went shopping at a Houston mall and became suspicious of two men in a pickup truck which had pulled up beside her car. She told police officer Jesus Thomas, who was on patrol at the mall, and he drove over toward Mann's car; Officer Thomas pulled up in front of the truck, and when he indicated he wanted to speak with the appellant (driver), the appellant drove away. A high speed chase ensued where Officer Thomas followed the appellant into a nearby neighborhood. The appellant stopped to let a passenger out and drove off, and Officer Thomas stopped, picked up the passenger, and transported him back to the mall. At that point, Mann told the officer that a hubcap was missing from her car.

Meanwhile, Officers Brooks, Sanchez and Pierce of the Houston Police Department, who had been separately patrolling the area, were informed of the high speed chase, the description and license plate number of the truck, and the theft at the mall. The officers joined in the chase which took them through residential areas at speeds up to seventy miles per hour, and onto highways, occasionally travelling in the wrong direction. Eventually, the appellant struck another truck in an intersection, causing him to lose control of his truck and run into a ditch. Officer Sanchez got out of his patrol car to arrest the appellant. Appellant, however, restarted his truck and drove it straight at Officer Sanchez, who later testified that he was afraid the appellant would run over and kill him. The appellant then drove at Officer Brooks' patrol car. Officer Pierce, meanwhile, had gotten out of his patrol car with his weapon drawn and had walked toward the truck which was now stopped. According to both police and civilian witnesses, the truck then lunged or jumped forward a foot or two toward Pierce. Pierce testified that he was in fear for his life because it seemed the appellant would run over and seriously hurt or kill him; as a result, he fired one shot through the windshield which struck

---

**1.** Now the Texas Department of Criminal Justice, Institutional Division.

**2.** The appellant raised nine points of error on appeal. The third point was that both convic- tions for aggravated robbery violated constitutional prohibitions against double jeopardy. U.S. CONST. amend. V and TEX. CONST. art. I, § 14.

the appellant in the shoulder. The appellant was arrested, and Charlotte Mann's hubcap was found in the truck on the passenger side floorboard.

On appeal, the appellant argued that when there is only a single theft of property from one person only one conviction on one count of aggravated robbery may be sustained, regardless of how many people were placed in fear of imminent bodily injury or death during the attempted flight from the theft. Therefore, conviction on more than one count of aggravated robbery would be a violation of the double jeopardy provisions under the Fifth Amendment to the United States Constitution and Article I, § 14 of the Texas Constitution.

The appellant relied on *Ex Parte Crosby,* 703 S.W.2d 683 (Tex.Crim.App.1986), and *Simmons v. State,* 745 S.W.2d 348 (Tex. Crim.App.1987), which stand for the proposition that after the defendant has been prosecuted and convicted in one trial for aggravated robbery against one victim, he cannot be prosecuted at *a second trial* for the aggravated robbery of a second victim where the State uses the same theft as the basis of the second prosecution. Although the appellant was convicted of both offenses in a single trial, he argued that because he appropriated the hubcap of only one person, Charlotte Mann, he can only be convicted on one count of aggravated robbery regardless of the fact that he assaulted two different police officers in his immediate flight. The State countered that convictions on two counts of aggravated robbery did not violate double jeopardy prohibitions because the robbery statute is designed to protect people from assault; therefore, the State may prosecute two robberies as long as two different assault victims are involved. The court of appeals, without analysis but citing *Crosby* and *Simmons,* agreed with the appellant that double jeopardy provisions had been violated.

The State now argues that the determination by the court of appeals was in conflict with this Court's determinations in *Crank v. State,* 761 S.W.2d 328 (Tex.Crim. App.1988); *Hightower v. State,* 629 S.W.2d

920 (Tex.Crim.App.1981) (robbery is an assaultive offense); *Phillips v. State,* 787 S.W.2d 391 (Tex.Crim.App.1990); and *Spradling v. State,* 773 S.W.2d 553 (Tex. Crim.App.1989) (punishment for assault of more than one victim of offense does not violate double jeopardy). The State analogizes aggravated robbery to aggravated assault by stating that the Legislature intended to protect the victims of the assault involved in robbery, not just the victims of the theft. The State contends that the Legislature intended that assaultive conduct against each victim constitutes a separate offense, therefore double jeopardy provisions have not been violated where each offense is prosecuted in one proceeding.

In *Phillips,* this Court stated that:

It is axiomatic the Legislature has the power and the vested authority to establish and define crimes. Few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses.

*Phillips,* 787 S.W.2d at 395, citing *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). In *Phillips* this Court upheld the conviction in a *single trial* of two counts of aggravated assault on two individual victims. There, the appellant caused serious injuries to two passengers in an automobile after he, while under the influence of alcohol, recklessly drove his car over the median. The charges on each of the indictments differed only in naming the victim. This Court reasoned that the Legislature intended to protect each person in that automobile, therefore the appellant could be punished for each assault on each victim.

[T]he Legislature, when it enacted Section 22.02 (the assault statute of the Texas Penal Code), a result oriented statute, intended the offense of assault to be complete with the injury of a single individual. The wording of Section 22.02 ... is unambiguous, providing that 'a person commits an offense if that person commits an assault against another'.... The Double Jeopardy Clause has no application to a multiple victim offense

when, as here, it is the legislative intent to prohibit serious bodily injury to persons, and accordingly, to enforce this intent by proscribing the appropriate punishment for each such offense.

*Phillips,* 787 S.W.2d at 395.

This Court addressed the issue of multiple prosecutions under *one statute* in *Spradling v. State,* 773 S.W.2d 553, 557 (Tex.Crim.App.1989).[3] The issue of multiple prosecutions, however, is not applicable to this case, as the appellant here was twice convicted in a single trial. Yet *Spradling,* as well as *Phillips,* is applicable because in both cases this Court interpreted the express wording of the relevant statutes to determine that the Legislature intended to protect each victim of the assault, and thus found no double jeopardy violation.

This Court has interpreted the robbery statute and concluded that the actual completion of a theft is not necessary for the conduct to constitute robbery, but that "theft is a integral part of the offense of aggravated robbery."[4] See also *Ex parte Santellana,* 606 S.W.2d 331 (Tex.Crim. App.1980); Tex.Penal Code Ann. § 29.02.[5] This Court concluded in *Crosby* and *Simmons* that where only one theft occurs, there is only one robbery.

The State has asked us to revisit *Crosby* and *Simmons.* In *Crosby* the defendants broke into a married couple's home, injured both spouses, and took money only from the husband, W.H. Thurston. The defendants pled guilty to aggravated robbery of W.H. Thurston, the aggravating element being that defendants caused serious bodily injury to W.H. Thurston. Subsequently, the defendants pled guilty to another aggravated robbery of W.H. Thurston, the aggravating element being that defendants caused serious bodily injury to the wife, Mary Alice Thurston. The name of the victim of the assaultive conduct was the only difference between the two indictments. This Court considered the Double Jeopardy implications of the two convictions by interpreting the relevant statutory provisions:

> [i]n sum, the elements of aggravated robbery as presented in this case are:
>
> (1) while in the course of committing theft;
>
> (2) with the intent to obtain and maintain control of property owned by W.H. Thurston;
>
> (3) with the intent to deprive W.H. Thurston of that property;
>
> (4) without the effective consent of W.H. Thurston;

*Spradling,* 773 S.W.2d at 557. This Court concluded that the Legislature intended to protect the victims of the offense, therefore:

> [t]he Double Jeopardy Clause has no application to a multiple victim offense when, as here, it is the legislative intent to aid all victims in a hit-and-run offense and, accordingly, to enforce this intent through the appropriate punishment for each individual not so aided. *Id.*

3. In *Spradling* the appellant was convicted twice, in successive prosecutions, of the offense of failure to stop and render aid where the appellant, while driving his automobile, struck and killed two women walking on the shoulder of an access road. Again, this Court considered the language of the statute involved dispositive:

> [T]he gravamen of the offense and the intent of the Legislature is not that a person stop and play the good Samaritan. The language of the statute is that 'the driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person ... shall render to any person injured in such accident reasonable assistance, including the carrying, or making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment.' The purpose of the statute is obvious-those who are victims of an accident and who need assistance should be aided by those who are the most capable of doing so and this is regardless of the altruistic motives of those who must give the aid.

4. *Ex Parte Crosby,* 703 S.W.2d 683, 685 (Tex. Crim.App.1986).

5. Section 29.02, Robbery, provides that robbery will occur when:

> (a) ... in the course of committing theft ... and with intent to obtain or maintain control of the property, [the person]:
>
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
>
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

(5) caused serious bodily injury to another.

The Penal Code makes it clear that theft is an integral part of the offense of aggravated robbery. In the instant case only one theft of one person occurred. **Thus, only one aggravated robbery can have taken place.** Applicants appropriated property belonging to W.H. Thurston. The fact that they assaulted more than one person in the course of that theft does not mean that more than one aggravated robbery took place. Perhaps applicants could have been indicted for aggravated assault with respect to Mary Alice Thurston but they should not have been indicted and convicted for an additional aggravated robbery.

*Crosby*, 703 S.W.2d at 685 (emphasis added). This Court concluded the indictments alleged the same offense and that the defendants' rights against double jeopardy had been violated. *Id.* at 684.

In *Simmons*, the appellant and his cohort broke into a motel room, assaulted two guests, and left with a stereo and a wallet, later abandoning both. The State alleged the same theft of cash from one guest in two indictments for aggravated robbery. The appellant was convicted in two separate trials on the two indictments for aggravated robbery. This Court relied on *Crosby*, to hold that the State could not use the one theft, already prosecuted in the first aggravated robbery trial, to convict the defendant in a second aggravated robbery trial. This Court rejected the lower court's view that:

> ... [t]here may be successive prosecutions against a defendant, without violating the rule against double jeopardy, for as many persons as are affected by his unlawful act, since there are as many separate and distinct offenses as there are persons against whom the defendant has committed his unlawful act.

*Simmons*, 745 S.W.2d at 350–51.

Again, this Court interpreted the relevant statute and determined that a theft[6]

is necessary to prosecute a defendant for aggravated robbery, but noted that where only one theft occurred, only one aggravated robbery took place. *Id.* Also referring to *January v. State*, 732 S.W.2d 632 (Tex. Crim.App.1987), this Court concluded that using the same theft to prosecute a defendant on more than one indictment for aggravated robbery was prosecuting the defendant for the same offense more than once and, therefore, was a violation of double jeopardy provisions. *Id.* at 351–52.

We find the appellant's situation identical in substance to the situations in both *Crosby* and *Simmons*. In the case before us, there was one theft from one individual. The pertinent portions of the indictment read as follows:

## COUNT II.

It is further presented that in Harris County, Texas, STACEY ALLEN COOK, hereafter styled the Defendant, heretofore on or about NOVEMBER 25, 1988, did then and there unlawfully while in the course of committing theft of property owned by **CHARLOTTE MANN**, and with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a motor vehicle, intentionally and knowingly threaten and place M.L. PIERCE in fear of imminent bodily injury and death.

## COUNT IV.

It is further presented that in Harris County, Texas, STACEY ALLEN COOK, hereafter styled the Defendant, heretofore on or about NOVEMBER 25, 1988, did then and there unlawfully while in the course of committing theft of property owned by **CHARLOTTE MANN**, and with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely a motor vehicle,

---

**6.** A completed theft is unnecessary to come within the robbery statute. Robbery may occur if a person is "in the course of committing theft." Tex.Penal Code Ann. § 29.02(a). "In the course of committing theft" is defined as "... conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." Tex.Penal Code Ann. § 29.01(1).

intentionally and knowingly threaten and place G.C. SANCHEZ, in fear of imminent bodily injury and death.

(emphasis added). The only difference is the name of the alleged victim of the assault. The State pled only one victim of the alleged theft.

While similar in substance, *Crosby, Simmons,* and *Spradling* are different procedurally in that each involved successive prosecutions. Here, we have only a single proceeding. Nevertheless, double jeopardy protections apply, and we do not find that distinction dispositive in this case. The Double Jeopardy Clause of the Fifth Amendment provides three protections:

> (1) It protects against a second prosecution for the same offense after acquittal;
> (2) It protects against a second prosecution for the same offense after conviction; and
> (3) It protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). We are concerned here with the protection against multiple punishments for the same offense.

The Supreme Court has stated that, "the. Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Therefore, where the legislature intends that more than one offense can arise from the same conduct, prosecuting the defendant in one proceeding for more than one offense is not barred by double jeopardy protections against multiple punishments. *Id.* at 368–69, 103 S.Ct. at 679. In *Ex parte Herron,* 790 S.W.2d 623 (Tex.Crim.App.1990), this Court determined that convictions for both an aggravated kidnapping offense and an aggravated robbery offense did not violate double jeopardy provisions even though the same evidentiary facts were used to support both convictions. As long as the legislature in-

tended to impose multiple punishments for conduct that occurred in the same transaction, the punishment does not violate the Double Jeopardy Clause.

> ... [t]he Double Jeopardy Clause, though a barrier to legislative attempts to authorize retrial after an acquittal or conviction, simply does not intrude on prerogatives in fashioning the statutory framework that will govern a court's sentencing decisions.

*Ex parte Herron,* 790 S.W.2d at 625. However, in that case, the Legislature had created two statutes which encompassed the same conduct, the aggravated kidnapping statute and the aggravated robbery statute, and therefore, we concluded that the legislature intended multiple punishment for the same conduct which violated each statute. Also, in *Ex parte Kopecky,* 821 S.W.2d 957 (Tex.Crim.App.1992), convictions for possession of a controlled substance and failure to pay taxes on that substance were upheld because "[h]aving authorized additional conviction under the Controlled Substances Act, surely the Legislature also intended that additional punishment could be imposed." *Id.* at 960.

In the case before us, the appellant was twice punished for violation of one statute. There is no indication that the Legislature intended multiple punishments under the aggravated robbery statute for conduct involving more than one victim where there is only one theft.[7] The aggravated robbery statute hinges on the fact that there has been a theft, an essential element required to violate the aggravated robbery statute. Where there is only one theft from one individual, there can be only one aggravated robbery offense. *Crosby,* 703 S.W.2d at 685; *Simmons,* 745 S.W.2d at 351–52. Because there was only one theft in this case, there can be only one conviction for aggravated robbery, regardless of the number of victims of the assaultive conduct. We therefore hold that the appellant was put in double jeopardy when he was twice convicted of the same aggravated robbery.

---

7. We express no opinion on whether the State could have indicted the appellant for aggravated assault for his conduct as to the second police officer, see *Crosby,* 703 S.W.2d at 685, as that issue is not before us today.

The judgment of the court of appeals reforming the trial court's judgment is affirmed.

WHITE, J., concurs in the result.