Royal v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-571-CR




COURTNEY ROYAL, A/K/A COURTNEY BUCKALOO, A/K/A COURTNEY BRISCO,



 
 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT



NO. 91-157-K277, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING



 




 Appellant Courtney Royal was convicted by a jury on three counts of aggravated
robbery, Tex. Penal Code Ann. § 29.03 (West Supp. 1993), for which punishment was assessed
at thirty years' confinement and a $200 fine for each count, with the thirty-year sentences to run
concurrently. Appellant presents two points of error raising claims of ineffective assistance of
counsel and double jeopardy. We will reform the district court's judgment and affirm the
judgment as reformed.



FACTUAL AND PROCEDURAL BACKGROUND


 On January 30, 1991, a robbery occurred at the Pagel & Sons Jewelry Store in
Round Rock. Present during the robbery were Floyd Pagel, owner of Pagel & Sons, Larry
Meyers, an employee of the store, and Elbertice McLeod, a customer. At one point during the
robbery, McLeod was ordered to drop her purse. The only items taken during the robbery,
however, were Pagel & Sons merchandise.

 In the late hours of January 31 and the early hours of February 1, 1991, appellant
was chased and apprehended by officers of the Dallas Police Department in connection with a
shooting at a concert in Dallas. At the time of appellant's arrest, he was wearing eight rings that
were later identified as items taken during the robbery at Pagel & Sons.

 On February 28, 1991, the Williamson County grand jury indicted appellant for
the offense of aggravated robbery. The three-count indictment charged appellant with aggravated
robbery of each of the three persons present: Pagel, Meyers, and McLeod. After a jury trial,
appellant was convicted on all three counts, with punishment assessed at thirty years' confinement
and a $200 fine for each count and with the prison sentences to run concurrently. Appellant
appeals the judgment of conviction.



INEFFECTIVE ASSISTANCE OF COUNSEL


 In his first point of error, appellant contends that he was denied effective assistance
of counsel because his trial counsel failed to object to the admission of allegedly irrelevant and
highly prejudicial evidence. Appellant contends that as a result of his counsel's failure to object
to such evidence, the jury convicted him based on extraneous conduct rather than the offense
named in the indictment.

 Appellant identifies five specific instances in which he contends trial counsel either
failed to lodge proper and timely objections to irrelevant and prejudicial evidence or made
reference himself to such evidence: (1) evidence that drugs were found in appellant's home after
his arrest; (2) evidence of appellant's involvement in gangs and gang-related activity; (3) evidence
that appellant's mother was convicted and currently imprisoned in connection with a drug-related
offense; (4) evidence that Dallas police officers risked their lives in an attempt to rescue appellant
in connection with his apprehension; and (5) evidence that appellant was arrested in Dallas as a
suspect in a shooting. 

 As a threshold inquiry, we must first determine whether any of the actions of
appellant's trial counsel constituted errors. In order to make this determination, we will review
each alleged error in the order presented above.

 (1) Appellant contends that evidence regarding drugs discovered in his home after
his arrest was irrelevant and highly prejudicial. We disagree. The drugs discovered after
appellant's arrest were not discovered at appellant's home. Rather, the drugs at issue were
discovered at the home of appellant's co-defendant at trial. Accordingly, we see no reason for
appellant's counsel to have objected to such evidence. (1)

 (2) Appellant also contends that evidence regarding gangs and gang-related activity
was irrelevant and highly prejudicial. Appellant directs us to ten such references in the record. 
With the exception of three of the ten references, the testimony reflected that references to
"gangs" involved general background information elicited from witnesses testifying in connection
with appellant's Dallas arrest. In the context of explaining the circumstances of appellant's arrest,
the witnesses, all police officers, testified that, as members of the "Gang Unit" of the Dallas
Police Department, they were present at a "gang" concert at which a shooting occurred and which
led to appellant's subsequent arrest and the discovery of the rings in his possession. We conclude
that the failure of appellant's counsel to object to such references cannot be characterized as
"errors."

 Appellant also directs us to his defense counsel's closing argument indicating that
"there's no doubt in my mind that he [appellant] got some of that jewelry. That doesn't make him
guilty of robbery, though. . . . Because he's associated with the group or a gang that might have
done that isn't sufficient to convict him of aggravated robbery." Although we note that the term
"gang" was used, we do not believe that trial counsel's passing reference to "group or gang" is,
in this context, probative of ineffective assistance of counsel.

 The remaining two references involve (1) a question by the prosecutor asking if
appellant and his buddies "got in a shoot-out" with another gang, and (2) a question by the
prosecutor specifically asking appellant if he was "involved with" a gang, both of which appellant
denied. Both questions imply an affiliation with gangs. Because appellant was not formally
charged with gang membership or gang affiliation, we conclude that such evidence might be
interpreted as irrelevant and prejudicial. Although we do not conclude that it was necessarily
error for appellant's trial counsel to fail to object to such questions, (2) we acknowledge that, in the
context of the present case, prosecutorial questioning, without objection, could be considered error
on the part of trial counsel.

 (3) Appellant contends that evidence regarding his mother's conviction and
imprisonment in connection with a drug-related offense was irrelevant and highly prejudicial. 
Appellant directs us to six brief references in the record regarding this subject. Although we do
not conclude that it was necessarily error for appellant's trial counsel to fail to object to such
testimony, (3) we acknowledge that, in the context of the present case, the admission of such
evidence, without objection, might be considered error on the part of trial counsel.

 (4) Appellant contends that evidence indicating that Dallas police officers risked
their lives in an attempt to rescue appellant in connection with his apprehension was irrelevant and
potentially prejudicial. We agree. Appellant directs us to six references in the record reflecting
testimony by Dallas police officers and comments by the prosecuting attorney indicating that while
in pursuit of the appellant in connection with the concert shooting, appellant jumped into the "34-degree water" of the Trinity River; that several officers attempted to rescue the appellant, some
by jumping into the river; and that in connection with their rescue efforts, several officers
"risk[ed] their lives" and were treated for hypothermia. We can discern no reason for the
admission of such testimony, and we conclude that trial counsel erred in failing to lodge an
objection to its admission.

 (5) Appellant contends that evidence regarding his arrest in Dallas as a suspect in
a shooting was irrelevant and highly prejudicial. We disagree. The testimony admitted regarding
the circumstances of appellant's arrest in Dallas provided the context whereby appellant was
linked with the fruits of the alleged offense at issue. The sterile facts were that Dallas police
officers arrested appellant and, in connection with that arrest, confiscated eight rings that were
ultimately identified as items taken during the robbery of Pagel & Sons. However, some
information about that arrest was admissible in order to provide the jury with the perspective
necessary to assess the appropriate weight to be given those facts. Other than the specific
testimony discussed above, the evidence as to the details of appellant's arrest did not go so far
beyond the permissible limits as to require the conclusion that appellant's trial counsel committed
an "error" in failing to object to its admission.

 In conclusion, it appears that the only potential errors committed by appellant's trial
counsel are (1) two references to possible gang involvement, which appellant specifically denied;
(2) six brief references to appellant's mother's conviction and imprisonment for a drug-related
offense; and (3) six references to Dallas police officers risking their lives in an attempt to rescue
appellant. Having determined that appellant's trial counsel committed at least some errors in
representing appellant, we proceed to the inquiry of whether such errors support a claim alleging
ineffective assistance of counsel.

 Initially we note that appellant has the burden to prove that counsel's assistance was
ineffective. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). An ineffective-assistance claim is evaluated under the well-established two-prong test articulated in Strickland
v. Washington, 466 U.S. 668 (1984), which requires appellant to demonstrate (1) that counsel's
representation was deficient, in that counsel made such serious errors that counsel was not
functioning effectively as the counsel constitutionally guaranteed to a criminal defendant; and (2)
that the deficient performance prejudiced the defense such that appellant was deprived of a fair
trial. Id. at 687; see also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)
(adopting Strickland test).

 The Strickland standard "has never been interpreted to mean that the accused is
entitled to perfect or errorless counsel." McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim.
App. 1992). Accordingly, assuming that the instances identified above were in fact errors in trial
counsel's representation of appellant, we must determine whether such "errors" constitute
ineffective assistance of counsel. Although Strickland articulates a two-prong test, we are not
required to address both prongs if the defendant makes an insufficient showing on one. 
Strickland, 466 U.S. at 697; Novak v. State, 837 S.W.2d 681, 683 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd). "In particular, a court need not determine whether counsel's performance was
deficient before examining the prejudice suffered by the defendant as a result of the alleged
deficiencies." Strickland, 466 U.S. at 697. In light of this directive, we proceed immediately to
the second prong of the Strickland test and address whether the instances identified above as
alleged error prejudiced the defense such that appellant was deprived of a fair trial.

 Under the second prong of the Strickland test, appellant must demonstrate that
"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different." McFarland, 845 S.W.2d at 842; Strickland, 466 U.S.
at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the
outcome of the proceeding. McFarland, 845 S.W.2d at 842-43. Applying this standard to the
facts of the present case, we conclude that, absent counsel's alleged errors, the outcome in the
present case would not have been different. Substantial evidence was presented linking appellant
to the crime: eye-witness testimony placed appellant at the scene of the crime; evidence was
presented that appellant's mother's van was in Round Rock on the day of the crime; appellant was
apprehended in Dallas the following day in possession of eight rings later identified as property
taken during the robbery; and after his arrest, appellant attempted to "destroy" the rings by
swallowing them. Such evidence of guilt supplied more than an adequate basis for appellant's
conviction on an aggravated robbery charge. See, e.g., Novak, 837 S.W.2d at 684. Assuming
that questions concerning appellant's involvement in "gang" activity, testimony regarding his
mother's arrest and incarceration for a drug offense, and testimony regarding Dallas police
officers' actions in rescuing appellant in connection with his arrest in Dallas should have been
objected to, we conclude that the admission of such evidence, in light of the totality of evidence
presented, does not undermine our confidence in the outcome of the trial. In other words, we
conclude that, even without such references, a jury would have found beyond a reasonable doubt
that appellant committed the offense of aggravated robbery.

 We overrule appellant's first point of error.



DOUBLE JEOPARDY


 In his second point of error, appellant complains that his conviction on three counts
of aggravated robbery, as opposed to one count, violates the double-jeopardy provision of article
I, section 14 of the Texas Constitution. The State argues in response that appellant has waived
such complaint by failing to raise this issue in the trial below. We disagree.

 Pursuant to state procedural rules, a criminal defendant must present a verified
special plea raising the issue of double jeopardy at the time of trial. Tex. Code Crim. Proc. Ann.
arts. 27.05-.06 (West 1989). As a general rule, where a defendant fails to raise a double-jeopardy
claim at trial, thereby failing to comply with state procedural requirements, no error is presented
to the trial court or preserved for appellate review. Shaffer v. State, 477 S.W.2d 873, 875 (Tex.
Crim. App. 1971); Casey v. State, 828 S.W.2d 214, 216 (Tex. App.--Amarillo 1992, no pet.). 
We determine, however, that the general rule is inapplicable in the present case.

 "[B]ecause of the fundamental nature of the constitutional right in question," we
are entitled to review appellant's claim. Rivera v. State, 716 S.W.2d 68, 70 (Tex. App.--Dallas
1986, pet. ref'd). (4) We acknowledge, however, that the "constitutional dimension" of this right
will not always justify disregarding state procedural rules. Berrios-Torres v. State, 802 S.W.2d
91, 96 (Tex. App.--Austin 1990, no pet.); Casey, 828 S.W.2d at 216. The test to be applied to
determine whether failure to raise a double-jeopardy claim in the trial court below constitutes
waiver of such claim is "whether the enforcement of the [procedural] rule[s] serves a legitimate
state interest, or whether, under the circumstances of the particular case, the disregard of the rules
did not affect such state interest." Berrios-Torres, 802 S.W.2d at 96 (quoting Shaffer, 477
S.W.2d at 876); Casey, 828 S.W.2d at 216-17. 

 The state interests to be served by complying with procedural rules and presenting
a verified plea of double-jeopardy at the trial-court level are (1) the interest in preventing a
criminal defendant from raising the claim in bad faith and causing delay by requiring the court to
hear evidence on a plea without merit, and (2) the interest in avoiding an unneeded trial by
providing an opportunity to investigate and present evidence on the double-jeopardy claim. 
Shaffer, 477 S.W.2d at 876 n.3; Casey, 828 S.W.2d at 217. However, where the multiple
convictions at issue are "in the same court, on the same day, before the same judge, and were
based on the same evidence," the enforcement of state procedural requirements serve "no state
interest whatsoever." Shaffer, 477 S.W.2d at 876; see also Casey, 828 S.W.2d at 216 (and cases
cited therein, identifying the above-referenced circumstance as an exception to the general rule
requiring compliance with state procedural rules). We believe the facts of the present case place
it within the exception. All three counts were tried in the same court, on the same day, before
the same judge, during the same trial, and all three counts were based on the same evidence. We
conclude that appellant has not waived his right to assert his double-jeopardy claim in this Court. 
Accordingly, we reach the merits of appellant's second point of error.

 Appellant contends that, under the circumstances of the present case, only one
aggravated robbery occurred because the evidence established that only one theft of one person
was involved. As a result, appellant contends that his conviction on three counts of aggravated
robbery rather than one violates the double-jeopardy provision of the Texas Constitution.

 The undisputed evidence at trial demonstrated that only Pagel & Sons merchandise
was actually taken during the robbery. The State asserts, however, that appellant also stole
property from McLeod, a customer present during the robbery, because McLeod was ordered to
drop her purse during the commission of the robbery. The State contends that the evidence of this
temporary deprivation of McLeod's property is sufficient to constitute a theft. We disagree. 
Under the facts of the present case, the State failed to prove that appellant, by this temporary
deprivation, intended to appropriate McLeod's purse. See, e.g., Warren v. State, 810 S.W.2d
202, 203 (Tex. Crim. App. 1991). Accordingly, we conclude that only one theft occurred: the
theft of Pagel & Sons merchandise.

 The State also contends, without citing any authority, that the theft of the Pagel &
Sons merchandise also establishes a theft with respect to Meyers, an employee of Pagel & Sons. 
As we understand this argument, the State contends that where, for example, a robbery occurs in
the presence of a store owner and one or more employees and only store merchandise is taken,
a defendant may be convicted of robbery as to the owner and each employee present at the time
of the robbery. Finding no authority to support this proposition, we reject the State's argument.

 Because only the property of Pagel, the owner of Pagel & Sons, was taken, we
conclude that the evidence established that only one theft of one person occurred under the facts
of the present case. Where only one theft of one person occurs, only one aggravated robbery has
taken place. Cook v. State, 840 S.W.2d 384, 388 (Tex. Crim. App. 1992). The fact that
appellant may have "assaulted more than one person in the course of that theft does not mean that
more than one aggravated robbery took place." Id. (quoting Ex Parte Crosby, 703 S.W.2d 683,
685 (Tex. Crim. App. 1986)). Accordingly, appellant's multiple convictions for aggravated
robbery on the basis of only one theft of one person placed appellant in double jeopardy in
violation of article I, section 14 of the Texas Constitution. Cook, 840 S.W.2d at 389. We sustain
appellant's second point of error.



CONCLUSION


 We reform the district court's judgment to reflect an acquittal as to counts two and
three (charging the appellant with aggravated robbery of Meyers and McLeod), and we affirm the
judgment as reformed.



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones, and B. A. Smith]

Reformed and Affirmed

Filed: August 25, 1993

[Do Not Publish]
1. Appellant directs us to four brief references in the record regarding drugs discovered at
his co-defendant's residence. In three of the four circumstances, the prosecutor did not allow
the witness to testify regarding the discovery of drugs. Even assuming an objection should
have been made to the admission of this evidence, there was no need for either defendant's
counsel to object to such testimony in the present case in light of the prosecutor's actions.
2. The failure to object to such evidence might be considered "trial strategy" in the context
of the present case. See Strickland v. Washington, 466 U.S. 668, 689 (1984). As we will
explain below, however, we need not decide this issue to resolve the present appeal.
3. Here again, the failure to object to such evidence might be considered "trial strategy" in
the context of the present case. See Strickland, 466 U.S. at 689. Once again, however, we
need not decide this issue to resolve the present appeal.
4. In fact, "because of the fundamental nature of the constitutional right in question," the
Rivera court reviewed the question as an unassigned error. In other words, even though
appellant in the Rivera case did not raise a double-jeopardy complaint in the court of appeals at
all, the court was compelled to address the issue because of the fundamental importance of that
constitutional right. Accord Berrios-Torres v. State, 802 S.W.2d 91, 95 (Tex. App.--Austin
1990, no pet.).