**Leslie Faye VICTOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–01185–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 24, 1994.

Larry P. Urquhart, Brenham, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Marc Brown, Asst. Dist. Attys., Harris County, for appellee.

Before DUGGAN, HUTSON–DUNN and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant was convicted in a bench trial of aggravated robbery (count one) and robbery (count two) in a two count indictment. After appellant pled "true" to the enhancement paragraphs, the court assessed punishment at 30–years confinement on count one and 40–years confinement on count two. Appellant asserts two points of error on appeal.

■ In her first point of error, appellant complains that the conviction for two separate offenses of aggravated robbery and robbery, based upon a single act of theft of property, subjected her to double jeopardy in violation of the United States and Texas Constitutions. In beginning our analysis of the double jeopardy claim, we review the facts in the light most favorable to the State. *Cook v. State,* 840 S.W.2d 384, 385 (Tex.Crim. App.1992).

Alice Patino was shopping in a thrift store when she noticed appellant watching and following her. Patino carried a purse containing $62 in cash. Appellant took the cash from Patino's purse when Patino bent down during her shopping.

When Patino confronted her, appellant denied the theft and told Patino she was leaving the store. Patino grabbed her arm. Appellant then shoved Patino in the face and left the store; Patino followed her outside. Appellant turned, faced Patino, and exhibited a knife; Patino fled into a nearby pawn shop.

Serjio Nuncio was working in the pawn shop when Patino ran in, screaming that she had been robbed. Nuncio went outside and approached appellant after Patino pointed her out. Nuncio asked appellant if she had stolen the money. Initially, appellant denied the theft, but then pulled money out of her bra and threw it on the ground. When Nuncio told a co-worker to phone the police, appellant pulled a pocket knife from her pocket. Nuncio tried to grab the still-closed knife, but it fell to the ground. Appellant picked it up and threw it across the street.

Appellant was charged by indictment with two counts of aggravated robbery. The first named Patino as the complainant, and the second named Nuncio. On appeal, appellant argues that because there was only one theft there can be only one aggravated robbery offense.

In *Cook*, appellant stole a hubcap and was pursued by a police officer; a high speed chase ensued, and other officers joined in. 840 S.W.2d at 385. Appellant lost control of his truck and ran into a ditch. *Id.* When Officer Sanchez got out of his car, appellant started his truck and drove it straight at Sanchez. *Id.* Meanwhile, Officer Pierce had gotten out of his car and walked toward the appellant's truck. *Id.* Appellant's truck lurched forward toward him. *Id.* Appellant was convicted of two counts of aggravated robbery against the two officers. *Id.* He argued that because there was only one theft, there should be only one conviction for aggravated robbery, regardless of the fact that more than one person was placed in fear of imminent bodily injury or death. *Id.* at 386.

The Court of Criminal Appeals noted in *Cook* that double jeopardy protects against multiple punishments for the same offense. *Id.* at 389 (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). It held that the appellant was put in double jeopardy when he was convicted twice for the same aggravated robbery. *Id.* The court reasoned:

> There is no indication that the Legislature intended multiple punishments under the aggravated robbery statute for conduct involving more than one victim where there is only one theft. The aggravated robbery statute hinges on the fact that there has been a theft, an essential element required to violate the aggravated robbery statute. Where there is only one theft from one individual, there can be only one aggravated robbery offense. Because there was only one theft in this case, there can be only one conviction for aggravated robbery, *regardless of the number of victims of assaultive conduct.*

840 S.W.2d at 389 (citations omitted) (emphasis added).

This Court has followed *Cook* in *Blount v. State*, 851 S.W.2d 359, 363 (Tex.App.—Houston [1st Dist.] 1993, no pet.). In *Cook* and *Blount*, each defendant was found guilty of two counts of aggravated robbery. In the present case, appellant was found guilty of aggravated robbery and robbery. Robbery consists of intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death or causing bodily injury to another in the course of committing a theft. TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). Aggravated robbery is the same crime as robbery except that the accused must have also caused serious bodily injury or used or exhibited a deadly weapon. TEX.PENAL CODE ANN. § 29.03 (Vernon Supp. 1994).

The United States Supreme Court has held that the test to determine whether there have been two offenses or one is to look at the statutes defining the offenses and determine whether either requires proof of an additional fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The Court has also held that "a person who has been convicted of a crime having several elements included in it may not subsequently be tried for a lesser-included offense—an offense consisting solely of one or more of the elements of the crime for which he has already been convicted." *Illinois v. Vitale*, 447 U.S. 410, 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980). This is our fact situation. Appellant has been convicted of two crimes, one of which (the robbery) is a lesser-included offense of the other, the aggravated robbery.

Further, the essential element of a violation of both statutes is theft. As in *Cook*, there was only one theft in the case before us. As in *Cook*, there can only be one robbery in connection with one theft. We hold that appellant was put in double jeopardy when she was convicted of aggravated robbery and robbery arising from a single offense of theft.

We sustain point of error number one.

In point of error two, appellant complains that the evidence is insufficient as a matter

of law to support the conviction of aggravated robbery in count one because the evidence failed to show that the knife she used was a deadly weapon.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim.App.1991). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believed that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

■ A knife is not a deadly weapon per se. *Brown v. State*, 651 S.W.2d 782, 783 n. 2 (Tex.Crim.App.1983); *Taylor v. State*, 755 S.W.2d 548, 554 (Tex.App.—Houston [1st Dist.] 1988, writ ref'd). Nevertheless, if the State presents evidence that the knife was "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," then no other proof is necessary to prove that the knife is a deadly weapon. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex.Crim.App.1991).

■ A pocket knife is manifestly designed and made for purposes other than inflicting death or serious bodily injury. Therefore, the State must prove whether the knife used in this particular offense was, in the manner of its use or intended use, capable of causing death or serious bodily injury. *Thomas*, 821 S.W.2d at 620; *Taylor*, 755 S.W.2d at 554; TEX.PENAL CODE ANN. § 1.07(a)(11)(B) (Vernon 1974). It is not necessary for the State to introduce the knife into evidence to meet its burden of proof. *See Morales v. State*, 633 S.W.2d 866, 868 (Tex.Crim.App. [Panel Op.] 1982); *Aleman v. State*, 795 S.W.2d 332, 335 (Tex.App.—Amarillo 1990, no pet.). Further, it is unnecessary to show that any wounds were inflicted to prove that the knife was a deadly weapon. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex. Crim.App. [Panel Op.] 1980); *Petrick v. State*, 832 S.W.2d 767, 770 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). However, if there is no actual injury, the State must show the knife's capacity to cause serious bodily injury or death by factors such as the manner of its use, the size of the blade, threats made by the accused, or the physical proximity of the accused and the victim. *Petrick*, 832 S.W.2d at 770 (citing *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983)). Testimony pertaining to the size of the blade, the blade's appearance of sharpness, the use of any brandishing motions, or the victim's fear of serious bodily injury or death, may all be offered to establish that a knife is a deadly weapon. *Hicks v. State*, 837 S.W.2d 686, 690 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

■ The State asks us to compare this case to *Hicks v. State*, 837 S.W.2d 686, 690 (Tex.App.—Houston [1st Dist.] 1992, no pet.). In *Hicks*, the pocketknife had a three and one-half inch blade, which Hicks waved two and one-half feet from the complainant. *Id.* at 689. Further, Hicks threatened to cut two other people. *Id.* The arresting officer and two store employees at the scene testified that the knife Hicks used could cause bodily injury or death. *Id.* at 690.

In another case also styled *Hicks v. State*, this Court examined the evidence surrounding the use of a pocket knife to determine if it was a deadly weapon. *Hicks v. State*, 723 S.W.2d 238 (Tex.App.—Houston [1st Dist.] 1986, no pet.). There, the complainant described the knife and testified that the defendant drew it and waved it within two feet of him. *Id.* at 240. A similar knife was admitted into evidence for illustrative purposes, and an expert testified that that type of knife was capable of causing death or serious bodily injury from a distance of two feet. *Id.*

The facts of our case are distinguishable from both *Hicks* cases. In our case, the knife was not introduced into evidence. Patino testified that she followed appellant out of the store and that appellant turned around and "she had the knife." Patino could not describe the knife but did testify that she ran because she was afraid appellant would stab her. Nuncio testified that when he approached appellant she pulled out a pocket knife. He testified that "it probably had two or three blades in it," but was closed at that

time. No testimony describes the size of the blade, appellant's proximity to Patino, or any verbal or physical threats or motions made by appellant. Although a Houston police officer testifying as an expert said that in his opinion a pocket knife is a deadly weapon, this evidence does not show that the manner of appellant's use of the knife showed a capability of causing death or serious injury. TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974).

In *Davidson v. State*, 602 S.W.2d 272, 274 (Tex.Crim.App.1980), the Court of Criminal Appeals held the evidence insufficient to support the conviction for aggravated robbery. There, the court noted that the complainant suffered no wounds; that the knife blade was two and one-half to three inches long; and that while the complainant testified he was in fear of serious injury or death, the knife was not introduced into evidence and the State did not establish its potential for harm through expert testimony. *Id.* There is less evidence before us than in *Davidson* to show that appellant used or intended to use the knife as a deadly weapon. We find the evidence insufficient to support a finding that appellant's knife was a deadly weapon.

We sustain appellant's second point of error.

We reverse the judgment on count two (robbery) on double jeopardy grounds, and remand that count to the trial court with instruction to enter a judgment of acquittal. *See Blount*, 851 S.W.2d at 362–63.

On count one (aggravated robbery), as authorized by *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993), we reform the judgment to delete the deadly weapon finding and to reflect conviction for the lesser included offense of robbery, and affirm the judgment of conviction as reformed. *Lockett v. State*, No. 05–92–00064–CR, slip op. at 14–15, 1993 WL 530686 (Tex.App.—Dallas, Dec. 17, 1993, n.p.h.). We reverse that part of the judgment in count one assessing punishment and remand to the trial court for a new trial on punishment. TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1994).