Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00642-CR

Andre **NICHOLS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR3167
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  June 27, 2012

AFFIRMED

Andre Nichols was convicted of the offense of robbery and sentenced to eight years in prison as a repeat offender. He appeals the judgment, arguing the evidence is legally insufficient to support the jury's verdict. We affirm the judgment.

### STANDARD OF REVIEW

In a challenge to the legal sufficiency of the evidence to support a jury's verdict, we review all of the evidence in the light most favorable to the verdict to determine whether any

rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). "The jury is the sole judge of credibility and the weight to be attached to the testimony of the witnesses." *Merritt v. State*, No. PD-0916-11, 2012 WL 1314095, at *8 (Tex. Crim. App. Apr. 18, 2012). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

### THE EVIDENCE

Richard Cunningham testified he receives a monthly Social Security benefit that is deposited in his bank account. He uses an ATM to obtain cash as he needs it. One day, he walked to the ATM machine in his neighborhood and noticed Nichols and Kevin Harvey drive by. Later that evening, Nichols entered Cunningham's house and said, "Where [sic] my money?" Cunningham testified he did not owe Nichols any money, and that Nichols "snatched" his wallet. When Cunningham and his roommate tried to retrieve the wallet, Nichols struck Cunningham in the back with his fist. Cunningham testified he fell against the wall and hurt his shoulder. Nichols told Cunningham "you [sic] not going to cash your check this month," and left. Cunningham went out on his porch and saw Nichols drive away in a car with Harvey as a passenger. A neighbor told Cunningham she had called the police because she heard the "commotion."

The police went to Cunningham's house, and he gave a description of Nichols and the car. San Antonio Police Department Officer Harry Clark testified he was on patrol in the area of

Cunningham's house when he heard the police dispatcher report a robbery of an individual in which a wallet had been stolen. The report included a description of the car the robber was driving. Officer Clark saw a car matching the description at a convenience store not far from Cunningham's house. Officer Clark also saw a man matching the description of the robber standing close to the suspect vehicle. Officer Clark approached Nichols and stopped him as he was attempting to enter the suspect vehicle. Officer Clark placed Nichols in handcuffs and formally arrested him after another officer told him the victim's identification card was in the vehicle. Officer Clark testified that during an inventory of the vehicle, police found numerous letters and paperwork belonging to Nichols in the glove box.

Officer David Acosta testified he was on patrol and heard the report of a robbery. The report gave Cunningham's name and stated his wallet and identification card had been taken. When Officer Acosta heard that another officer had found the vehicle at a convenience store, he went to the scene. Officer Acosta approached the car and saw Cunningham's identification card through the open window, lying on the center console. He told the other officers of his discovery.

Cunningham testified that later in the evening the police drove him to the convenience store where he identified Nichols as the man who had robbed him. The police also returned his identification to him.

## DISCUSSION

The offense of robbery occurs when an individual intentionally, knowingly or recklessly causes bodily injury to another in the course of committing theft. *See* TEX. PENAL CODE ANN. § 29.02 (West 2011); *Victor v. State*, 874 S.W.2d 748, 750 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Nichols argues the evidence is legally insufficient to support the jury's verdict,

but does not attack the sufficiency of the evidence to support any element of the offense. Rather, Nichols argues that no rational juror could have believed any of Cunningham's testimony, including his testimony that Nichols was his attacker. Nichols points out that Cunningham admitted he had consumed three beers and a glass of brandy before the robbery, was sleeping just before the robbery as a result of drinking alcohol, and had memory problems because of some type of operation on his head.

Nichols's argument is primarily an attack on Cunningham's credibility. However, because the jury is the sole judge of a witness's credibility and the weight to be given to the testimony, we defer to the jurors' credibility determinations. *See Merritt*, 2012 WL 1314095, at *8. Cunningham testified he had seen Nichols in the neighborhood before the robbery and knew him by sight. Nichols vigorously cross-examined Cunningham about his identification of Nichols as the robber and about his memory problems. The jury was free to make its own determination of whether Cunningham was credible. We infer from the verdict that the jury found him believable. Additionally, the identification card Cunningham testified was taken during the robbery was found in the car Nichols was driving shortly after the robbery. Viewing all the evidence in the light most favorable to the jury's verdict, a rational jury could have found all the elements of the offense beyond a reasonable doubt.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH