**Affirmed and Opinion Filed February 23, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-19-01277-CR
No. 05-19-01278-CR
No. 05-19-01279-CR

**WALTER ALFONSO FAJARDO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1834266-U, F-1834270-U, F-1834271-U**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

Appellant Walter Alfonso Fajardo appeals three aggravated-robbery convictions arising from a single criminal episode. We affirm.

### I. Background

In three indictments, appellant was charged with committing aggravated robbery against three different complainants, referred to herein as Mother, Daughter (age ten), and Son (age six).

Appellant pleaded guilty without a plea bargain in each case. He also signed a judicial confession in each case.

The trial court accepted appellant's pleas and found him guilty.

Testimony received during a bench trial on punishment showed that appellant and another person held Mother, Daughter, and Son at gunpoint while ransacking their apartment. Appellant and the other person took some property that was later recovered when appellant was arrested.

The court sentenced appellant to sixty-five years' imprisonment on each conviction, to run concurrently.

Appellant timely appealed all three convictions and filed a separate appellate brief for each conviction.

## II.    Analysis

In appeal no. 05-19-01279-CR, which relates to appellant's conviction for committing aggravated robbery against Son, appellant raises two issues: insufficiency of the evidence to support his conviction and lack of jurisdiction. In the other two appeals, he raises only the jurisdictional issue.

**A.    Is the evidence insufficient to support appellant's conviction for committing aggravated robbery against Son?**

In his sufficiency complaint in appeal no. 05-19-01279-CR, appellant argues in his first issue that the evidence is insufficient to support his conviction because there is no evidence that he took any property belonging to Son. We reject his argument because that is not an element of the offense.

### 1. Applicable Law

When a defendant waives his right to a jury trial and pleads guilty to a felony, the State must introduce evidence showing that the defendant is guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *Jones v. State*, 600 S.W.3d 94, 100 (Tex. App.—Dallas 2020, pet. ref'd), *cert. denied*, No. 20-5819, 2020 WL 6829104 (U.S. Nov. 23, 2020). A judicial confession is sufficient to support a guilty plea if it covers every element of the charged offense. *Jones*, 600 S.W.3d at 100.

An appellant can raise an article 1.15 sufficiency complaint for the first time on appeal, without preserving error in the trial court. *Euan v. State*, No. 05-16-00252-CR, 2017 WL 1536514, at *8 (Tex. App.—Dallas Apr. 27, 2017, pet. ref'd) (mem. op., not designated for publication).

The elements of aggravated robbery, as relevant here, are that the defendant committed robbery and used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). A person commits robbery, as relevant here, if he intentionally or knowingly threatens or places another in fear of imminent bodily danger or death in the course of committing theft and with intent to obtain or maintain control of the property. *See id.* § 29.02(a)(2). "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission of, or in immediate flight after the attempt or commission of theft. *Id.* § 29.01(1). And a person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. *Id.* § 31.03(a). Thus, the relevant statutes do not, on their face, require an actual theft

of the complainant's property for the offense of aggravated robbery against the complainant.

### 2.    Application of the Law to the Facts

Appellant's judicial confession contains the following admission:

> [O]n or about the 11th day of May, 2018, in Dallas County, Texas, I did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten and place [Son] in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon, to-wit: A FIREARM[.]

Appellant argues that his confession is insufficient to support his conviction because it does not show that he took any of Son's property. He also argues that the punishment-trial evidence did not include any evidence that he took any of Son's property.

The State responds that the evidence is sufficient to support appellant's conviction. We agree. Under the statutes discussed above, "the actual commission of the offense of theft is not prerequisite to commission of a robbery, *nor need the victim of the theft or attempted theft and the victim of the robbery be the same.*" *Earl v. State*, 514 S.W.2d 273, 274 (Tex. Crim. App. 1974) (emphasis added); *see also Penn v. State*, No. 14-13-00263-CR, 2014 WL 4557878, at *4 (Tex. App.—Houston [14th Dist.] Sept. 16, 2014, pet. ref'd) (mem. op., not designated for publication) (appellant committed robbery by shooting the complainant in the course of stealing property from another person at the scene; "the victim of the theft and the victim of the robbery need not be the same"); *cf. Jones v. State*, No. 05-13-01553-CR, 2015

–4–

WL 4722928, at *9 (Tex. App.—Dallas Aug. 10, 2015, no pet.) (mem. op., not designated for publication) (the taking of property is not an essential element of the offense of robbery).

Appellant cites only one case to support his premise that a theft from Son was a required element of the offense. That case has been overruled. *See Cook v. State*, 840 S.W.2d 384 (Tex. Crim. App. 1992), *overruled by Ex parte Hawkins*, 6 S.W.3d 554, 561 (Tex. Crim. App. 1999). In *Cook*, the court held that double jeopardy forbade convicting a defendant for two counts of aggravated robbery where the defendant committed only one theft. 840 S.W.2d at 389. The court repudiated that position in *Hawkins*. 6 S.W.3d at 561 (double jeopardy did not bar defendant from being convicted of two counts of aggravated robbery where "he assaulted two victims in the course of committing a theft").

In sum, the elements of aggravated robbery do not include the taking of property belonging to the complainant, so the State was not required to produce evidence that appellant took Son's property.

We overrule appellant's challenge to the sufficiency of the evidence in appeal no. 05-19-01279-CR.

**B.    Did the trial court lack jurisdiction because there was no order transferring the cases from the 203rd District Court to the 291st District Court?**

In all three appeals, appellant argues that the 291st District Court, which handled his cases and rendered judgment against him, lacked jurisdiction because

the indictments were presented to the 203rd District Court and there is no record of any orders transferring the cases to the 291st District Court. In support, he cites the Texas Constitution's provision that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12(b). He also relies on Code of Criminal Procedure article 4.16, which provides that when two or more courts have concurrent jurisdiction of a criminal offense, generally "the court in which an indictment or a complaint shall first be *filed* shall retain jurisdiction." TEX. CODE CRIM. PROC. ANN. art. 4.16 (emphasis added).

Appellant acknowledges that existing precedent contradicts his position. His argument must be preserved in the trial court by a plea to the jurisdiction. *See, e.g.*, *Keller v. State*, 604 S.W.3d 214, 231 (Tex. App.—Dallas 2020, pet. ref'd); *Mills v. State*, 742 S.W.2d 831, 835 (Tex. App.—Dallas 1987, no pet.). This is because the lack of a transfer order "is a procedural matter, not a jurisdictional one." *Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort Worth 2002, pet. ref'd); *accord Henderson v. State*, 526 S.W.3d 818, 821 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *see also* TEX. GOV'T CODE ANN. § 24.003(b)(2) (generally, a district judge may "hear and determine any case or proceeding pending in another district court in the county without having the case transferred"). Seeing no such plea in the appellate record, we conclude that appellant forfeited this argument, and we overrule this issue in all three appeals.

Moreover, appellant's argument fails on the merits.  The indictment's *filing* is the event that triggers article 4.16's proviso that a specific court "shall retain" jurisdiction.  Tex. Code Crim. Proc. Ann. art. 4.16.  In these cases, the indictments were assigned to the 291st District Court upon filing.  As we have held on substantially identical facts, no transfer order is needed when an indictment is presented to one court but then filed in another court.  *See Thompson v. State*, No. 05-14-00139-CR, 2014 WL 7399300, at *1 (Tex. App.—Dallas Dec. 15, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd)).  Thus, no transfer order was needed in this case.

### III.    Disposition

We affirm the judgments of the trial court.



/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
191277F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WALTER ALFONSO FAJARDO,
Appellant

No. 05-19-01277-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1834266-U.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 23, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WALTER ALFONSO FAJARDO,
Appellant

No. 05-19-01278-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1834270-U.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 23, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WALTER ALFONSO FAJARDO,
Appellant

No. 05-19-01279-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1834271-U.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 23, 2021.