Opinion issued October 26, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00959-CR




CARLOS ROMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1005426




MEMORANDUM OPINION
          Appellant, Carlos Roman, was charged by indictment with aggravated robbery. 
A jury found appellant guilty as charged and assessed punishment at confinement for
27 years. In three points of error, appellant complains that the trial court erred in
denying his request for a charge on the lesser-included offense of robbery and
challenges the legal and factual sufficiency of the evidence to support his conviction. 
We affirm. 
BACKGROUND
          Complainant, Raphael Marenco, testified to the following: On October 28,
2004, Marenco left his job at a Taco Cabana at about 11:00 p.m. and headed home. 
He was unfamiliar with the area because it was his first day working there, and he 
became lost. He pulled into a gas station and asked a young man, Juan Loera, for
directions to highway FM 1960. Loera told Marenco that he knew how to get there
and then asked Marenco to give him a ride. When Marenco agreed, Loera told his
friend, appellant, to get into the truck. The two men directed Marenco to a poorly lit,
uninhabited area. Realizing that this was not the right way, Marenco turned around
and went back to the gas station. Appellant put five dollars’ worth of gas into
Marenco’s truck, and the three continued on their way. This time, appellant and
Loera told Marenco to drive into the parking lot of an apartment complex. After
Marenco parked the truck, appellant got out of the vehicle, came around to the
driver’s side, and pulled a gun from his waistband. Marenco testified that the gun
was not visible until appellant removed it from his waistband because it was hidden
by appellant’s jacket. Marenco described the gun as a bit smaller and lighter in color
than a gun admitted into evidence for demonstrative purposes only, and he
demonstrated how appellant pointed the gun at Marenco’s chest. Appellant
demanded that Marenco get out of the truck and give him his money, wallet, and
watch. During this time, Loera remained inside the truck, searching through
Marenco’s things. They took Marenco’s bags, bank correspondence, and papers. 
During this time, Marenco was in fear for his life and asked them not to kill him
because he had a family. Appellant told Marenco to start walking. While Marenco
was walking away, he heard the truck start, and saw the two men driving away in the
truck. When they were gone, Marenco went to the street and saw a police officer near
some other apartments. He told the officer what had happened, and she called for
backup. The officers found appellant’s truck and the two men and recovered
Marenco’s watch, wallet, money, and papers. However, they did not find a gun in the
truck or in the possession of the men. 
DISCUSSION
Lesser-Included Offense
          In his first point of error, appellant contends that the trial court committed
reversible error in denying his request for an instruction to the jury on the lesser-included offense of robbery. A defendant is entitled to a jury instruction on a lesser-included offense if (1) the lesser-included offense is included within the proof
necessary to establish the offense charged and (2) some evidence exists in the record
that would permit a jury to find that, if the defendant is guilty, he is guilty only of the
lesser offense. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). A
lesser-included offense may be raised if evidence either affirmatively refutes or
negates an element establishing the greater offense or the evidence on the issue is
subject to two different interpretations and one of the interpretations negates or rebuts
an element of the greater offense. Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim.
App. 1996). Appellant argues that, because the police did not recover a gun, the
evidence was subject to the interpretation that no firearm was used or exhibited
during the alleged offense, and, therefore, he was entitled to an instruction on the
lesser-included offense. 
          There was no evidence that appellant did not use a gun in the commission of
this robbery. “[I]t is not enough that the jury may disbelieve crucial evidence
pertaining to the greater offense; there must be some evidence directly germane to a
lesser included offense . . . before an instruction on a lesser included offense is
warranted.” Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Appellant
offered no evidence at the guilt-innocence phase of the trial. Thus, Marenco’s
testimony was uncontroverted, there was no evidence germane to the lesser offense,
and appellant was not entitled to a jury instruction on a lesser-included offense.
          We overrule appellant’s first point of error. 
Sufficiency of the Evidence
          In his second and third points of error, appellant contends that the evidence was
legally and factually insufficient to support his conviction for aggravated robbery. 
Appellant argues that the State did not prove that a firearm was used or exhibited
during the commission of the offense. 
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the verdict to determine “whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). When reviewing the factual
sufficiency, the court must view all the evidence in a neutral light and may set aside
the verdict only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or the contrary evidence is so strong that the “beyond a reasonable
doubt” standard of proof could not have been met. Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004), cert. denied, 544 U.S. 950, 125 S. Ct. 1697 (2005). 
We must consider the most important evidence relied on by appellant. Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Under both legal and factual
sufficiency, the jury is the exclusive judge of the facts, the credibility of the
witnesses, and the weight to be given to the witnesses’ testimony. Jaggers v. State,
125 S.W.3d 661, 671 (Tex App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may
believe all, some, or none of any witness’s testimony. Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). 
          Marenco’s testimony that appellant pulled a gun from his waistband and
pointed it at him during the robbery, and Marenco’s description of the gun by
comparing it to a firearm that was admitted for demonstrative purposes, was legally
sufficient to support appellant’s conviction for aggravated robbery. Appellant offered
no controverting evidence to prove that he did not use or exhibit a firearm. Rather,
he relies on the fact that no gun was recovered from appellant’s truck. 
          The State was not required to produce the firearm to prove that it was used
during the robbery. Victor v. State, 874 S.W.2d 748, 751 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d); see also Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim.
App. [Panel Op.] 1982) (concluding that, although knife was not produced, testimony
established that knife was deadly weapon); Rogers v. State, 795 S.W.2d 300, 303
(Tex. App.—Houston [1st Dist.] 1990, pet. ref’d) (holding that, although gun was not
in evidence, testimony supported finding that appellant carried gun at time of
robbery). Marenco’s uncontroverted testimony regarding the use and exhibition of
the gun was factually sufficient to support appellant’s conviction for aggravated
robbery. 
          We overrule appellant’s second and third points of error. 
CONCLUSION
          We affirm the judgment.  
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Higley, and Wilson.




Do not publish. Tex. R. App. P. 47.2(b).