Opinion issued January 13, 2005 

 





 

 







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00477-CR
____________

DELICIA SHANTELL GAMBLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 878765



 
MEMORANDUM OPINION
          A jury found appellant, Delicia Shantell Gamble, guilty of first degree murder
and assessed her punishment at 15 years’ confinement. In four points of error,
appellant challenges the legal and factual sufficiency of the evidence to support her 
conviction, asserting that the State did not prove that the knife she used was a deadly
weapon and did not rebut beyond a reasonable doubt her assertion of self defense. 
We affirm.
Factual Background
          Appellant became upset with complainant because she felt complainant was not
giving her appropriate respect. Appellant knew complainant was visiting in the
apartment of their mutual friend, Lashonda Allen. Appellant armed herself with a
steak knife and, despite having been asked by Allen not to come to Allen’s apartment,
went there, where she engaged complainant in a fist fight, witnessed by Allen, Nikitra
Lewis, and appellant’s companion, Yolanda Miles. Appellant entered the apartment,
pushed Allen out of the way, went straight for complainant, and hit her. The fight
progressed into Allen’s small bathroom. In the course of the fist fight, while
complainant was stooping and appellant was standing over her, complainant’s blouse
raised, disclosing a knife in the waistband of her pants. Allen yelled, “She have [sic]
a knife,” and complainant reached into her pants for it. When complainant pulled the
knife from her pants, Allen grabbed complainant’s hand, which was holding the knife. 
Miles grabbed Allen’s and complainant’s hands that held the knife in a downward
position. Appellant said, “Bitch, you’re trying to kill me,” pulled her own knife from
her pants, and stabbed complainant in the back. Miles took complainant’s knife. 
          Complainant, who was bleeding from her back, called 911, but dropped the
phone. Lewis helped complainant on to the couch and applied a towel to the
bleeding. Complainant was turning blue in the face and gasping for breath. Allen
heard appellant, who was then in the parking lot, say, “I hope she dies on your
couch.”
          Appellant and Miles left about 15 minutes before the police arrived. Appellant
discarded her own knife on the way to the apartment of another friend, who lived
nearby. There appellant changed clothes and called for a friend to take her home.
          Emergency medical technicians arrived and took complainant to the hospital. 
Allen went to the hospital, where she learned that complainant had died. Allen called
appellant at home and told her that she had killed complainant. Appellant did not say
anything and hung up.
          Appellant did not turn herself into police for 10 days. When she came to police
headquarters, she gave police a statement regarding the stabbing. In the statement,
appellant stated that she could not tell whether Allen and Miles had control of
complainant’s hand, which was upraised and holding the knife. Appellant gave the
police the knife that complainant had possessed, which she had apparently received
from Miles. Appellant did not give police her knife that she had used to stab
complainant, and it was not available at trial.
Analysis
I. Sufficiency of the Evidence Standard of Review
          In a legal-sufficiency review, we view all the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S.C. 2781, 2789 (1979)). In a factual-sufficiency review, we view
all of the evidence in a neutral light; and we will set the verdict aside only if the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or the
contrary evidence is so strong that the standard of proof beyond a reasonable doubt
could not have been met. Escamilla, 143 S.W.3d at 817 (citing Zuniga v. State, 144
S. W.3d 477, 484-85 (Tex. Crim. App. April 21, 2004)


). 
II. Sufficiency of the Evidence that Knife Was a Deadly Weapon
          In points of error one and two, appellant asserts that the evidence is legally and
factually insufficient to support the jury’s implied finding that the knife she used was
a deadly weapon.
          A deadly weapon is “a firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily injury,” or “anything that
in the manner of its use or intended use is capable of causing death or serious bodily
injury.” Tex. Pen. Code Ann. § 1.07(a)(17)(A),(B) (Vernon Supp. 2004-2005). A
fact finder may find a knife to be a deadly weapon based on the nature of its use or
intended use. Id. at § 1.07(a)(17)(B); see Thomas v. State, 821 S.W.2d 616, 619 (Tex.
Crim. App. 1991); Garcia v. State, 17 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d). 
          In her brief, appellant notes that, in the instant case, the murder weapon was
not introduced into evidence, and that there was no testimony regarding the condition
of the knife or sharpness of its blade. The State, however, does not have to introduce
the knife into evidence to prove that the knife used in the offense was, in the manner
of its use or intended use, capable of causing death or serious bodily injury. See
Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim. App. 1982) (holding in
aggravated assault case in which knife was not introduced into evidence, wounds
inflicted upon a victim are a factor to consider in determining whether a weapon
qualifies as a deadly weapon);


 Victor v. State, 874 S.W.2d 748, 751 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). Here, there was uncontradicted
testimony from a police witness that a six-inch, serrated steak knife, described by
appellant in her statement as the one she used, could be a deadly weapon. The record
also contains uncontradicted evidence that appellant pulled the knife and stabbed
complainant in the back, causing complainant to bleed from her back and die. The
medical examiner gave the uncontradicted opinion that complainant died due to the
stab wound in the left side of her upper back.
          There was no evidence that the knife with which appellant stabbed complainant
was not a deadly weapon.
          After considering all the evidence in the record, we hold there is legally and
factually sufficient evidence to support the jury’s finding that the knife, as used by
appellant, was a deadly weapon. We overrule points of error one and two.
III. Legal Sufficiency of the Evidence Regarding Self Defense
          In point of error three, appellant asserts that there is legally insufficient
evidence to support her murder conviction because the State did not rebut beyond a
reasonable doubt her assertion of self defense.
          A person is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself against the
other’s use or attempted use of unlawful force. Tex. Pen. Code Ann. § 9.31(a)
(Vernon 2003). A person is justified in using deadly force against another if (1) he
would be justified in using force against the other under Section 9.31; (2) a
reasonable person in the actor’s situation would not have retreated; and (3) when and
to the degree he reasonably believes the deadly force is immediately necessary to
protect himself against the other’s use of attempted use of deadly force. Tex. Pen.
Code Ann. § 9.32(a) (Vernon 2003).
          The defendant has the burden of producing some evidence to support the claim
of self defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once
the defendant produces such evidence, the State has the burden of disproving the
defense beyond a reasonable doubt. Id. When the jury finds the defendant guilty, it
implicitly finds against the defensive theory. Id. In reviewing the legal sufficiency
of the evidence relative to self defense, the reviewing court looks not to whether the
State presented evidence that refuted appellant’s self defense evidence, but rather
whether, after viewing all the evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt and also could have found, beyond a reasonable doubt,
against the defendant on the self defense issue. Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).
          Viewing the evidence in the light most favorable to the verdict, a rational jury
could have determined that appellant was angry with complainant because she had
failed to respect her and that appellant murdered complainant, as alleged in the
indictment. Appellant armed herself with a steak knife and went to Allen’s apartment,
even though Allen had asked her not to come. Appellant initiated the fight and hit
complainant first. Appellant stabbed complainant at a time when appellant saw that
Allen and Miles had grasped and were holding complainant’s hand, which held a
knife. After the stabbing, appellant expressed her desire that complainant would die.
She did not wait for the police, but instead fled the scene and discarded appellant’s
knife. Immediately after the incident, she changed clothes and called for a friend to
take her home. She did not turn herself in to police for 10 days. We conclude that
from this evidence, as viewed in the light most favorable to the verdict, that a rational
jury could have rejected appellant’s self defense theory beyond a reasonable doubt
and determined beyond a reasonable doubt that appellant murdered complainant.
IV. Factual Sufficiency of the Evidence Regarding Self Defense
          In point of error four, appellant asserts that the evidence is factually insufficient
to support the jury’s verdict concerning self defense.
          In a factual-sufficiency review, we view all the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla, 143 S.W.3d
at 817. The issue of self defense is a fact issue for the jury. Saxton, 804 S.W.2d at
913-14). The jury is solely responsible for determining the credibility of the
witnesses and is free to accept or reject the defensive evidence. Id. at 914.
          Appellant argues that, because of the evidence that the complainant was the
first to draw her knife in the bathroom and that appellant could not retreat, the jury’s
finding against self defense is not supported by the greater weight and preponderance
of the evidence. 
          It is uncontroverted that complainant was the first to draw her knife and that
this was done in a small bathroom in which appellant could not retreat. A jury could,
however, have rationally believed that, at the time appellant stabbed complainant,
Allen and Miles had grasped and were holding the hand in which complainant was
holding the knife in a downward position, and, thus, the deadly force used by
appellant was not immediately necessary to protect herself against the complainant’s
threat of deadly force. Viewing all the evidence in a neutral light, we hold that the
evidence supporting the rejection of appellant’s self defense theory is not so weak
that the verdict is clearly wrong and manifestly unjust; nor is the contrary evidence
so strong that the standard of proof beyond a reasonable doubt could not have been
met. We overrule point of error four.
Conclusion
          We affirm the judgment.
 
                                                                        Sherry Radack
                                                                        Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish Tex. R. App. P. 47.2(b).