NO.  07-10-0150-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                            JANUARY
18, 2011

 

                                            ______________________________

 

 

                                                 OSCAR ROSAS HERNANDEZ,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                           _______________________________

 

                     FROM THE 413TH DISTRICT
COURT OF JOHNSON COUNTY;

 

                       NO. F43722; HON. WILLIAM
C. BOSWORTH, Jr., PRESIDING

                                            ______________________________

 

Memorandum Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL  and HANCOCK,  JJ.

            Oscar Rosas Hernandez (appellant)
appeals his conviction for aggravated robbery. 
Through a single issue, appellant contends the evidence is legally
insufficient to show that the knife used in the commission of the crime was
used in a manner capable of causing serious bodily injury.  We affirm.

 

Background

            Delilah Ball testified that on the
day of the robbery she was working at Flamingo Bingo.  After the business had closed, Ball went to
lock the back door.  Before she got to
the door, a person came out from the back and “had a silver handle[d] knife,
waving like this (indicating).”  She
further testified that he had a “silver handled butcher knife.”   Ball stated that the person was “taking and
going like this at me (indicating), and trying to - - I held on my purse and
scuffled with him just a little bit, but he was trying to cut the handles of my
purse.”  She further described the person
“swinging the knife at [her].”  According
to Ball, the owner of the business, Steve Talavera, started toward Ball and the
intruder; however, he was told to get back while the knife was swung at
him.  Ball eventually let go of her purse,
and the man ran to his car.  Ball
testified that her arm had been grabbed “real hard” and that it hurt and was
scratched.  

            When asked to give a description of
the knife, Ball described it as follows: 
“It’s about this long, silver handle butcher knife.”  She also stated that she was “scared” and
that a knife could kill a human being.  Furthermore,
she believed had she not let go of the purse, she would have been stabbed.  Ball’s statement to the police was introduced
and in it she described the weapon as a large knife that appeared to be a
butcher knife.  

            Talavera, the owner, testified that,
as he approached Ball to assist her, he saw appellant with “a knife or a gun or
something in his hand.”  He then told
Ball to let appellant have the purse, and he was afraid appellant would hurt
her.  He later described the knife as “big
and silver,” and as a butcher knife, “a big, large, . . .
a big ol’ knife.” 
Furthermore, the State had Talavera draw the shape of the knife on a
board for the jury.  

            Officer Danny Rodgers with the
Cleburne Police Department testified that “through [his] experience” he
considered “a knife a deadly weapon.” 
Furthermore, he considered “a knife that appears to be a butcher’s knife
possibly up to 14 inches long a deadly weapon.” 
Moreover, Officer Dennis Ney with the Cleburne Police Department
testified that a knife with a twelve to fourteen-inch blade would be considered
a deadly weapon.

Issue – Legal Sufficiency

            Specifically, appellant contends
that the only evidence regarding whether the knife was a deadly weapon did not show
that it was capable of even cutting the purse handles.   We overrule the issue. 

The Law


“Although a knife is not a deadly
weapon per se, it has been held that
it can qualify as such through the manner of its use, its size and shape and
its capacity to produce death or serious bodily injury.”  Limuel v. State,
568 S.W.2d 309, 311 (Tex. Crim. App. 1978); see
Thomas v. State, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991) (holding that
kitchen knives, utility knives, straight razors, and eating utensils are not
deadly weapons per se); see also Tex. Penal Code Ann. §1.07(a)(17)(B)
(Vernon Supp. 2010) (defining a deadly weapon as “anything that in the manner
of its use or intended use is capable of causing death or serious bodily
injury”).  Moreover, an object is a
deadly weapon if the injuries produced result in death or serious bodily
injury.  See Tyra v. State, 897
S.W.2d 796, 798 (Tex. Crim. App. 1995). 
But if a knife did not cause serious bodily injury or death, to qualify
as a deadly weapon the evidence must prove “the actor intend[ed] a use of the [knife] in which it would be capable of causing
death or serious bodily injury.”   McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

 The State may establish the knife was capable
of causing death or serious bodily injury through witnesses' descriptions of
the knife's size, shape, and sharpness; testimony of the knife's life-threatening
capabilities; the manner in which the knife was used; the words spoken by the
defendant; the physical proximity between the victim and the knife; and the
nature of any wounds caused by the knife.  Lowe v.
State, 211 S.W.3d 821, 827 (Tex. App.–Texarkana 2006, pet. ref'd); Victor v. State, 874 S.W.2d 748, 751-52
(Tex. App.–Houston
[1st Dist.] 1994, pet. ref'd).  Expert testimony is not required but it may
be useful when the evidence on the deadly nature of the knife is meager.  Davidson
v. State, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980). Clearly, whether a
particular knife is a deadly weapon depends upon the evidence.  Thomas
v. State, 821 S.W.2d at 620. 

Furthermore, we review the legal
sufficiency of the evidence by considering all of the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319,
99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  In other words, viewing the evidence in the
light most favorable to the verdict, the record must show that the manner of
the use of the knife was, at a minimum, capable of causing serious bodily
injury or death in each case.   See
Tucker v. State, 274 S.W.3d 688, 691 (Tex. Crim.
App. 2008).  The Court of Criminal
Appeals has explained:  “The placement of
the word 'capable' is crucial to understanding this method of determining
deadly-weapon status.  The State is not
required to show that the 'use or intended use causes death or serious bodily
injury' but that the 'use or intended use is capable of causing death or serious bodily injury.'” Id. quoting McCain v. State, 22 S.W.3d at 503.     

Application
of the Law

It is clear that appellant used and
exhibited a knife to facilitate the robbery. 
The weapon was described as a large, silver-handled butcher knife.  Appellant not only swung it towards Ball and
Talavera as he wrestled for the purse but also attempted to use it to cut the
purse handles.  While swinging the knife
at Talavera, he also uttered “get back.” 
Ball testified that she feared being hurt or stabbed, while Talavera feared
appellant was going to hurt Ball. 
Finally, two police officers testified that a knife described by the
witnesses could be considered a deadly weapon. 
Based on the foregoing facts, we find the evidence legally sufficient to
support the finding that the knife was a deadly weapon.  Lowe v. State, supra; Victor
v. State, supra.

Accordingly, we affirm the judgment of
the trial court.

 

                                                                        Per
Curiam

 

 

 

Do
not publish.

 

             .