NO. 07-10-0150-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 18, 2011

_____

OSCAR ROSAS HERNANDEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 413TH DISTRICT COURT OF JOHNSON COUNTY;

NO. F43722; HON. WILLIAM C. BOSWORTH, Jr., PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Oscar Rosas Hernandez (appellant) appeals his conviction for aggravated robbery. Through a single issue, appellant contends the evidence is legally insufficient to show that the knife used in the commission of the crime was used in a manner capable of causing serious bodily injury. We affirm.

## Background

Delilah Ball testified that on the day of the robbery she was working at Flamingo Bingo. After the business had closed, Ball went to lock the back door. Before she got to the door, a person came out from the back and "had a silver handle[d] knife, waving like this (indicating)." She further testified that he had a "silver handled butcher knife." Ball stated that the person was "taking and going like this at me (indicating), and trying to - - I held on my purse and scuffled with him just a little bit, but he was trying to cut the handles of my purse." She further described the person "swinging the knife at [her]." According to Ball, the owner of the business, Steve Talavera, started toward Ball and the intruder; however, he was told to get back while the knife was swung at him. Ball eventually let go of her purse, and the man ran to his car. Ball testified that her arm had been grabbed "real hard" and that it hurt and was scratched.

When asked to give a description of the knife, Ball described it as follows: "It's about this long, silver handle butcher knife." She also stated that she was "scared" and that a knife could kill a human being. Furthermore, she believed had she not let go of the purse, she would have been stabbed. Ball's statement to the police was introduced and in it she described the weapon as a large knife that appeared to be a butcher knife.

Talavera, the owner, testified that, as he approached Ball to assist her, he saw appellant with "a knife or a gun or something in his hand." He then told Ball to let appellant have the purse, and he was afraid appellant would hurt her. He later described the knife as "big and silver," and as a butcher knife, "a big, large, . . . a big ol' knife." Furthermore, the State had Talavera draw the shape of the knife on a board for the jury.

2

Officer Danny Rodgers with the Cleburne Police Department testified that "through [his] experience" he considered "a knife a deadly weapon." Furthermore, he considered "a knife that appears to be a butcher's knife possibly up to 14 inches long a deadly weapon." Moreover, Officer Dennis Ney with the Cleburne Police Department testified that a knife with a twelve to fourteen-inch blade would be considered a deadly weapon.

### Issue – Legal Sufficiency

Specifically, appellant contends that the only evidence regarding whether the knife was a deadly weapon did not show that it was capable of even cutting the purse handles. We overrule the issue.

#### The Law

"Although a knife is not a deadly weapon *per se*, it has been held that it can qualify as such through the manner of its use, its size and shape and its capacity to produce death or serious bodily injury." *Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. 1978); *see Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991) (holding that kitchen knives, utility knives, straight razors, and eating utensils are not deadly weapons *per se*); *see also* TEX. PENAL CODE ANN. §1.07(a)(17)(B) (Vernon Supp. 2010) (defining a deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury"). Moreover, an object is a deadly weapon if the injuries produced result in death or serious bodily injury. *See Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995). But if a knife did not cause serious bodily injury or death, to qualify as a deadly weapon the evidence must prove

3

"the actor intend[ed] a use of the [knife] in which it would be capable of causing death or serious bodily injury." *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

The State may establish the knife was capable of causing death or serious bodily injury through witnesses' descriptions of the knife's size, shape, and sharpness; testimony of the knife's life-threatening capabilities; the manner in which the knife was used; the words spoken by the defendant; the physical proximity between the victim and the knife; and the nature of any wounds caused by the knife. *Lowe v. State*, 211 S.W.3d 821, 827 (Tex. App.–Texarkana 2006, pet. ref'd); *Victor v. State*, 874 S.W.2d 748, 751-52 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). Expert testimony is not required but it may be useful when the evidence on the deadly nature of the knife is meager. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980). Clearly, whether a particular knife is a deadly weapon depends upon the evidence. *Thomas v. State*, 821 S.W.2d at 620.

Furthermore, we review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In other words, viewing the evidence in the light most favorable to the verdict, the record must show that the manner of the use of the knife was, at a minimum, capable of causing serious bodily injury or death in each case. *See Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008). The Court of Criminal Appeals has explained: "The placement of the word 'capable' is crucial to understanding this method of determining deadly-weapon status. The State is not required to show that the 'use or

4

intended use causes death or serious bodily injury' but that the 'use or intended use is *capable* of causing death or serious bodily injury.'" *Id. quoting McCain v. State*, 22 S.W.3d at 503.

*Application of the Law*

It is clear that appellant used and exhibited a knife to facilitate the robbery. The weapon was described as a large, silver-handled butcher knife. Appellant not only swung it towards Ball and Talavera as he wrestled for the purse but also attempted to use it to cut the purse handles. While swinging the knife at Talavera, he also uttered "get back." Ball testified that she feared being hurt or stabbed, while Talavera feared appellant was going to hurt Ball. Finally, two police officers testified that a knife described by the witnesses could be considered a deadly weapon. Based on the foregoing facts, we find the evidence legally sufficient to support the finding that the knife was a deadly weapon. *Lowe v. State, supra*; *Victor v. State, supra.*

Accordingly, we affirm the judgment of the trial court.


Per Curiam


Do not publish.


.


5