



# MEMORANDUM OPINION

No. 04-11-00413-CR

Gabriel Joseph **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR11285
Honorable Melisa Skinner, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:     Catherine Stone, Chief Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  August 1, 2012

AFFIRMED

Gabriel Joseph Brown was convicted of aggravated assault with a deadly weapon and sentenced to forty-two years in prison as a repeat offender.  Brown appeals the judgment, arguing the evidence is legally insufficient to support the jury's verdict as to the use of a deadly weapon and the trial court erred in not submitting a jury instruction on a lesser-included offense. We affirm the judgment.

**BACKGROUND**

The complainant, Myrna Medina, testified she met Brown at her place of employment and eventually allowed him to move into the house Medina shared with her mother, Gloria Acosta. The night before the attack, Medina and Brown had gone to a nightclub with another couple. After returning home, Medina began watching television in the living room. Brown wanted her to go to their bedroom, but Medina declined. Medina testified Brown got angry and began pulling her towards the bedroom. Medina got away and went into her mother's bedroom. Brown followed her into Acosta's bedroom and continued the argument. Acosta told Brown to leave Medina alone and go back to his room. Both women testified that throughout the morning Brown would return to Acosta's bedroom and attempt to get Medina to go with him. Acosta testified that at around 5:00 a.m., she got up to prepare for work and went to take a shower. Medina was ironing her mother's work clothes when she noticed Brown walk into the room wearing white "medical" gloves. Medina testified this frightened her and she went to tell her mother. Medina walked through the kitchen and noticed the gas on the stove was on, but there was no flame. As she went to turn the gas off, Brown stabbed her in the back of her neck. When she turned to confront Brown, he stabbed her in the arm. Medina testified blood began "squirting" from her arm. She saw the weapon and described it as a steak knife with a serrated edge. She testified the knife was "that long," but neither party clarified Medina's hand gesture indicating the length of the knife for the record. Medina stated the attack continued and Brown stabbed her several more times before pushing her to the floor. Medina screamed for her mother.

Acosta testified she was in the shower when she heard her daughter calling for her. Acosta wrapped herself in a towel and went to investigate. As she entered the kitchen, she saw Brown wearing surgical gloves and holding a steak knife. Acosta asked "what's going on," and

Medina responded that Brown had stabbed her. Acosta tried to help Medina, but Brown pushed her to the floor. Acosta noticed her daughter was bleeding and saw Brown continue to "poke" Medina with the knife. Acosta also testified that it was hard to breathe because gas was coming from the stove.

Both women testified that Brown then left the room and returned with a container of gasoline. He poured the gasoline over Medina's head. Medina testified that, fearing for her life, she mustered the strength to get up and struggle with Brown, and he eventually left the house. The police were called and Medina was taken to a hospital where she received treatment for her injuries. Dr. Helen Skaggs testified that Medina received at least seven stab wounds — two on the chest, one on the arm, two on the lower neck on either side of the spine, one on the front shoulder and one on her "flank." Dr. Skaggs testified that although no wound penetrated the chest or abdominal cavities, many of the wounds were near major blood vessels. She told the jury that special procedures were used to determine if any blood vessels in the neck were compromised because of the location of the neck wounds. She also stated her opinion that a knife could be a deadly weapon, but she was not asked her opinion about the particular knife used in this case. Finally, Medina's medical records were placed into evidence, including a report by the EMS technicians. In that report, the knife is described as being six inches long.

### SUFFICIENCY OF THE EVIDENCE

In a challenge to the legal sufficiency of the evidence to support a jury's verdict, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). "The jury is the sole judge of credibility and the weight to be attached to the testimony

of the witnesses." *Merritt v. State*, No. PD-0916-11, 2012 WL 1314095, at *8 (Tex. Crim. App. Apr. 18, 2012). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors' evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). The assault is aggravated when the person uses or exhibits a deadly weapon during the assault. *Id*. § 22.02(a)(2). A deadly weapon is one that "in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. § 1.07(a)(17)(B). "Serious bodily injury" is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46). "Bodily injury" is "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). Brown challenges only the sufficiency of the evidence that he used a deadly weapon during the assault.

"Although a knife is not a deadly weapon per se, it has been held that it can qualify as such through the manner of its use, its size and shape and its capacity to produce death or serious bodily injury." *Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. [Panel Op.] 1978); *see Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991) (holding that kitchen knives, utility knives, straight razors, and eating utensils are not deadly weapons per se); *see also* TEX. PENAL CODE ANN. § 1.07(a)(17)(B). An object is a deadly weapon if the injuries produced result in death or serious bodily injury. *See Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App.

1995). But if a knife did not cause serious bodily injury or death, to qualify as a deadly weapon the evidence must prove "the actor intend[ed] a use of the [knife] in which it would be capable of causing death or serious bodily injury." *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). "Even without expert testimony or a description of the weapon, the injuries suffered by the victim can by themselves be a sufficient basis for inferring that a deadly weapon was used." *Tucker v. State*, 274 S.W.3d 688, 691-92 (Tex. Crim. App. 2008). The State may establish a knife was capable of causing death or serious bodily injury through witnesses' descriptions of the knife's size, shape, and sharpness; testimony of the knife's life-threatening capabilities; the manner in which the knife was used; the words spoken by the defendant; the physical proximity between the victim and the knife; and the nature of any wounds caused by the knife. *See Lowe v. State*, 211 S.W.3d 821, 828 (Tex. App.–Texarkana 2006, pet. ref'd); *Victor v. State*, 874 S.W.2d 748, 751-52 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). Expert testimony is not required, but may be useful when the evidence on the deadly nature of the knife is meager. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex. Crim. App. [Panel Op.] 1980). Clearly, whether a particular knife is a deadly weapon depends upon the evidence. *Thomas*, 821 S.W.2d at 620.

### *Discussion*

Here, the evidence did not establish that Medina suffered serious bodily injury resulting from the attack. Therefore, resolution of the issue turns on whether the knife and the manner of use and intended use during the assault was capable of causing serious bodily injury or death. According to the medical records, the knife was six inches long. Both Acosta and Medina testified Brown used the knife to "stab" Medina. The jury could infer from such testimony that the knife was used in a plunging manner rather than a slicing motion. Dr. Skaggs testified many of the wounds were near major blood vessels, and at least two of the wounds were in the chest

and two were on the lower neck or back. Based on this testimony, a rational jury could have concluded that the use of a six-inch knife in a plunging or stabbing manner near major blood vessels in the neck and chest was capable of causing serious bodily injury or death. *See Tucker*, 274 S.W.3d at 692 (holding stab wound to the back of the neck near the spine — a vulnerable area — "would seem to carry at least some potential for resulting in a serious bodily injury such as paralysis or death"). We hold the evidence was legally sufficient to support the jury's verdict.

### LESSER-INCLUDED OFFENSE

Brown also argues the trial court erred when it refused to charge the jury on the lesser-included offense of assault (bodily injury). We begin our analysis by determining whether assault (bodily injury) is a lesser-included offense of the charged offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). If so, we then decide whether the instruction is warranted by the evidence, that is, whether the evidence "permits a rational jury to find the defendant guilty only of the lesser-included offense." *Id.* "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), *abrogated on other grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Ferrel v. State*, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001).

Here, Brown was charged with aggravated assault in that he "did use and exhibit a deadly weapon, NAMELY: A KNIFE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODLIY INJURY, and [Brown] did intentionally, knowingly and recklessly CAUSE BODILY INJURY to Myrna Medina, . . . by

CUTTING AND STABBING THE COMPLAINANT WITH SAID DEADLY WEAPON . . . ." The offense of assault (bodily injury) is clearly within the charged offense in that Brown was accused of causing bodily injury to Medina while using and exhibiting a deadly weapon.

We next consider whether the evidence would permit the jury to rationally conclude that Brown was guilty only of assault rather than aggravated assault. Brown argues that the jury could have determined that the knife was not a deadly weapon based in part on the fact Medina suffered only bodily injury resulting from the attack. Brown contends there is "some evidence from which a rational jury could have found [he] did not use or exhibit" a deadly weapon.

We disagree with Brown's analysis. First, Brown points to no evidence that suggests he is guilty only of the lesser offense. Although the jury could have found the knife was not a deadly weapon, there is no affirmative testimony or other evidence that the knife was not a deadly weapon. *See Hampton*, 109 S.W.3d at 440-41. And rather than looking only at the resulting injuries, as Brown suggests, we review all the evidence to determine how the knife was used and its intended use during the attack and the life-threatening capabilities of the knife. *See Lowe*, 211 S.W.3d at 827. Here, there is no evidence that suggests Brown is guilty only of the lesser offense of assault (bodily injury) because the knife was not a deadly weapon. *See Ferrel*, 55 S.W.3d at 590-91 (holding defendant not entitled to lesser-included offense instruction of assault when no evidence existed to suggest victim did not suffer serious bodily injury); *Dobbins v. State*, 228 S.W.3d 761, 769-70 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd, untimely filed) (defendant not entitled to lesser-included offense jury instruction where no evidence indicated defendant did not use vehicle in manner capable of causing serious bodily injury or death). The trial court did not err in refusing the requested instruction.

## CONCLUSION

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH