# NO. 12-22-00152-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVE CABELLO,* <br> *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant, Steve Cabello, of aggravated assault with a deadly weapon. Appellant pleaded "true" to the enhancement allegation in the indictment, which alleged a prior conviction for murder. The jury assessed Appellant's punishment at imprisonment for ninety-nine years. In one issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## BACKGROUND

On March 6, 2021, Bruce Collier lived in his home near Red Springs in Smith County. Collier's son, Joby, lived in a smaller dwelling on the same property. Joby's friend, Susan Lee, recently moved into a spare upstairs bedroom in Joby's house. Bryan Brown, another of Joby's friends, was temporarily staying with Joby. All the residents knew that Lee moved into Joby's house to escape an intermittent and "volatile" relationship with Appellant. All concerned believed that Appellant's presence meant trouble.

Although Lee did not want to see Appellant, on March 6, 2021, Appellant drove onto the Collier property to see Lee. From his front porch, Collier saw Appellant arrive and enter Joby's house. Suspecting trouble, Collier grabbed his shotgun and headed toward Joby's house. Joby intercepted Appellant and told him Lee did not want to see him. Appellant ignored the warning,

and according to Lee, kicked in the door to her room, threw her on the bed, held a knife to her throat, and told her to give him his money or "Bitch, I'll kill you."

At this point, Joby and Collier burst into the room. Moments later, Brown arrived on the scene and observed Collier pointing his shotgun at Appellant. Brown pulled Appellant off Lee. Appellant left Joby's house.

When Smith County Deputy Sheriff Tyrodrick Loftis arrived, Appellant had already left. Deputy Loftis photographed a cut on Lee's finger. The knife said to have been used in the assault was never found.

## SUFFICIENCY OF THE EVIDENCE

In his issue on appeal, Appellant contends that the evidence is insufficient to prove that the knife used in the assault was, in the manner and means of its use and intended use, capable of causing death or serious bodily injury.

### Standard of Review

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316-17, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See Dewberry*

2

*v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also **Brooks***, 323 S.W.3d at 899. Instead, we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See **Brooks***, 323 S.W.3d at 899-900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of the reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. ***Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

**Applicable Law**

A person commits an assault if the person intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2) (West Supp. 2022). The offense becomes aggravated assault if the person uses or exhibits a deadly weapon during the commission of the assault. *Id*. § 22.02(a)(2) (West Supp. 2022).

In the indictment, the State charged that Appellant used or exhibited a deadly weapon, a knife, during the commission of the assault. Therefore, to establish Appellant's guilt, the State was required to prove that the knife used was a deadly weapon. The Penal Code defines a "deadly weapon" as "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. § 1.07(a)(17)(A)(B) (West 2021). A knife is not a deadly weapon under subsection (17)(A), because it is not "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." ***McCain v. State***, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000). Thus, in this case, the State had the burden to prove that the knife Appellant used or exhibited during the offense was, in the manner of its use or intended use, capable of causing death or serious bodily injury.

Where no actual injuries are sustained, the State must present evidence of other circumstances to establish that a knife is a deadly weapon. ***Victor v. State***, 874 S.W.2d 748, 751 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Circumstances the factfinder may consider in determining whether a knife is a deadly weapon include (1) the physical proximity of the knife to the victim, (2) any threats or words used by the accused, (3) the size, shape, and sharpness of the

3

knife, (4) the potential of the object to inflict death or serious bodily injury, and (5) the manner in which the accused allegedly used the knife. ***Brown v. State***, 716 S.W.2d 939, 946-47 (Tex. Crim. App. 1986); ***In re D.L.***, 160 S.W.3d 155, 166 (Tex. App.—Tyler 2005, no pet.).

**Analysis**

Appellant contends that the State failed to establish that his knife was a deadly weapon. He points out that the knife used was never introduced in evidence. Collier did not see a knife while he held a shotgun pointed at Appellant. Joby saw Appellant putting away a "little pocketknife" as he left the bedroom. Brown saw Appellant holding a knife with a two-inch blade at Lee's throat. But in Appellant's view, Brown's testimony is incredible, because he has a prior theft conviction and two pending felony charges he was "wanting to get taken care of." Lee testified that Appellant put a knife to her throat and threatened to kill her. But Lee was still serving probation for a tampering with evidence conviction. Although she told the court that she feared for her life during the assault, she later spent several nights in a motel with Appellant "trying to work things out." She spoke to Appellant more than forty times after his incarceration. She signed an affidavit of non-prosecution. Lee admitted lying under oath in a previous unrelated case.

Other than Appellant, there were four witnesses present in the bedroom. Appellant suggests that only two witnesses, Collier and Joby, were subject to no known motive or influence that might have affected their testimony. But Collier saw no knife. And Joby, in Appellant's view, the only credible witness to see a knife, saw only a "little pocketknife," an insufficient description to prove the knife constituted a deadly weapon. Appellant insists that Lee's conduct after the assault is inconsistent with her trial testimony. That, taken together with her prior felony conviction, he claims renders her testimony at trial unworthy of belief. He argues Brown's prior felony convictions makes his testimony similarly incredible. Appellant argues that without the testimony of Lee and Brown, the evidence is insufficient to show the knife employed was a deadly weapon.

However, the jury as trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. ***Meekins v. State***, 340 S.W.3d 454, 461 n.32 (Tex. Crim. App. 2011); ***Sharp v. State***, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may accept or reject all or any part of any witness's testimony and resolve any conflicts in the evidence. ***Jones v. State***, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998); ***Heiselbetz v. State***, 906 S.W.2d

4

500, 504 (Tex. Crim. App. 1995). Both Lee and Brown testified that the knife was at Lee's throat. According to Lee, Appellant ordered her to give him the "effing money" or "Bitch, I will kill you." Brown told the court he saw a folding pocketknife with a two-inch blade that cast a "shiny reflection" on Lee's throat. It was sharp enough to cut her knuckle in the struggle to get Appellant away from her. The circumstances attending the assault justified the jury in believing that Appellant's threat to kill Lee was genuine, and that Appellant believed his knife was capable of inflicting death.

The manner of use is the most important consideration in making a deadly weapon determination. *Jones v. State*, 843 S.W.2d 92, 97 (Tex. App.—Dallas 1992, pet. ref'd). According to Lee, Appellant kicked in the door to her bedroom breaking the door from its hinges. Once inside, he threw her on the bed, put a knife to her throat and demanded his "effing money" or "Bitch, I'll kill you." The only rational inference to be drawn from the manner in which appellant wielded the knife and his threat to kill that accompanied the attack is that his knife was capable of causing death or serious bodily injury. Considering all the factors relevant to a deadly weapon finding, we conclude the evidence is sufficient to convince a rational jury that the knife used in the assault was a deadly weapon. Appellant's issue is overruled.

## DISPOSITION

The judgment is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered March 31, 2023.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2023**

**NO. 12-22-00152-CR**

**STEVE CABELLO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1230-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*